Cause No. _____

## TO THE COURT OF CRIMINAL APPEALS

## OF THE STATE OF TEXAS

---------------------------------------------------------------------

### CHAD EVERETT ERVIN
*Petitioner*

### VS.

### THE STATE OF TEXAS
*Respondent.*

---------------------------------------------------------------------

**Petition in Cause No. CR-17,434 from the 271st Judicial District Court of Wise County, Texas and Cause No. 02-14-00251-CR from the Court of Appeals for the Second Supreme Judicial District of Texas.**

---------------------------------------------------------------------

### PETITION FOR DISCRETIONARY REVIEW

---------------------------------------------------------------------

RECEIVED IN
COURT OF CRIMINAL APPEALS

September 30, 2015

ABEL ACOSTA, CLERK

**Paul Belew
S.B.N.: 00794926
P.O. Box 1026
Decatur, Texas 76234
(940) 627-6400
(940) 627-6408 (facsimile)
ATTORNEY FOR PETITIONER,
CHAD EVERETT ERVIN**

**PETITIONER REQUESTS ORAL ARGUMENT**

# TABLE OF CONTENTS

TABLE OF CONTENTS    I

INDEX OF AUTHORITIES    ii

STATEMENT REGARDING ORAL ARGUMENT    2

STATEMENT OF THE CASE    2

STATEMENT OF THE PROCEDURAL HISTORY    2

GROUNDS FOR REVIEW    3

ARGUMENT AND AUTHORITIES    3

PRAYER FOR RELIEF    8

CERTIFICATE OF SERVICE    9

# INDEX OF AUTHORITIES

**Cases:**

*Ervin v. State*,
No. 02-14-00251-CR (August 27, 2015) (Memorandum Opinion)      3, 4, 5

NO. _____

IN THE

COURT OF CRIMINAL

APPEALS

OF TEXAS

-------------------------------------------------------------

CHAD EVERETT ERVIN

VS.

THE STATE OF TEXAS

-------------------------------------------------------------

Petition in Cause No. CR-17,434 from the 271st Judicial District Court of Wise County, Texas and Cause No. 02-14-00251-CR from the Court of Appeals for the Second Supreme Judicial District of Texas.

===============================================================
**PETITION FOR DISCRETIONARY REVIEW**
===============================================================

**TO THE HONORABLE COURT OF CRIMINAL APPEALS**

    **COMES NOW** Chad Everett Ervin, (Hereinafter, "Petitioner") by and through his attorney of record and files this, his Petition for Discretionary Review and herein respectfully requests this Court to grant discretionary review of the above named cause for the reasons set forth herein:

**STATEMENT REGARDING ORAL ARGUMENT**

Petitioner requests oral argument to the extent it would be helpful to the Court.

**STATEMENT OF THE CASE**

Defendant Chad Ervin was indicted in Cause Number CR-17,434 alleging that on or about September 2, 2013 he committed Evading Arrest or Detention with a Vehicle.  R.R. 2:29:3-30:8.

The case proceeded to trial on May 6, 2014.  R.R. 1:1.  On May 7, 2013 the jury returned a verdict in which it found Chad Ervin guilty.  R.R. 3:27:13-20.  A judgment was entered sentencing Defendant to confinement in the Institutional Division of the Texas Department of Criminal Justice for ten years.  Defendant thereafter filed an Affidavit of Indigency and his Notice of Appeal.

The case was then appealed to the Second Court of Appeals.  The Court of Appeals dismissed Petitioner's Appeal for want of jurisdiction in an unpublished opinion.  *See Appendix*.

This Petition for Discretionary Review ensued.

**STATEMENT OF THE PROCEDURAL HISTORY**

Mr. Ervin indicted in the 271st Judicial District Court, Wise County, Texas on charges of Evading Arrest or Detention with a Vehicle.  R.R. 2:29:3-30:8. On May 6, 2014 the case was tried before a jury in the 271st Judicial District Court for Wise County, Texas, Judge John Fostel presiding.  *See, e.g.,* R.R. 1:1.

On May 7, 2014 the jury returned a verdict in which it found Chad Ervin guilty. R.R. 3:27:13-20. A judgment was entered sentencing Defendant to confinement in the Institutional Division of the Texas Department of Criminal Justice for ten years.

The Court of Appeals for the Second Supreme Judicial District of Texas issued a Memorandum Opinion on August 27, 2015. No Motion for Rehearing was filed. The instant Petition for Discretionary Review followed within thirty days.

## GROUNDS FOR REVIEW

1.     The Court of Appeals Erred In Dismissing Mr. Ervin's Appeal For Want Of Jurisdiction.

## ARGUMENT AND AUTHORITIES

Mr. Ervin was charged with, tried for and convicted of Evading Arrest or Detention With a Vehicle. *Ervin v. State*, No. 02-14-00251-CR (August 27, 2015) (Memorandum Opinion) *2. On May 7, 2014 the jury returned a verdict of Guilty and proceeding were recessed for, *inter alia* preparation of a Presentence Investigation Report. *Ervin*, *2, 3. A sentencing hearing was scheduled for May 27, 2014. *Id*. Although Mr. Ervin was returned to Court at that time and the Court indicated the sentence it would impose, Mr. Ervin was inadvertently returned to the county jail prematurely.

The Court of Appeals, upon reviewing the Reporter's Record, concluded that the Court had imposed sentence on May 27, 2014 and therefore Appellant's Notice of Appeal filed on June 30, 2014 was not timely. *Ervin*, *2, 3.

The Court acknowledged that there were inconsistencies in the record before it regarding that date of certain events. It nevertheless, without resolved whose inconsistencies against Appellant concluding "The reporter's record and the judgment in the clerk's record establish that the trial court sentenced appellant in open court on May 27, 2014." *Ervin*, *5. The Court's own opinion, however, casts doubt on its conclusion.

Both the Clerk's Record and an unchallenged Affidavit submitted to the Court provided

> The end of the clerk's record contains a document that chronologically lists "EVENTS & ORDERS OF THE COURT"; this is the same document referenced in the affidavit that appellant submitted to this court. The document states that the trial court held the sentencing hearing on May 27, 2014 but appears to indicate that the sentence was imposed *and began to run* on May 29 . . .

*Ervin*, *3, n.7 (emphasis added). A sentence begins to run when it is imposed.

The Court of Appeals dismissed this particular document arguing:

> The document, however, also appears to state that appellant pled not guilty and was convicted by the jury on May 29, 2014, when those events actually occurred on earlier dates. The remainder of the clerk's record and the volume of the reporter's record in which the trial court sentenced appellant provide clear evidence that sentencing occurred on May 27, 2014 and that appellant was present in court for sentencing.

*Ervin*, *4, n. 7.

As noted previously by the Court, however, Mr. Ervin's sentencing was scheduled for May 27, 2014. *Ervin*, *3. Indeed, a Judgment was prepared in advance and bore that date and in fact would be used some two days later. Mr. Ervin, however, was removed removed from the Courthouse prematurely and sentencing was not completed until May 29, 2014.

-4-

*Ervin*, *3-4.   That is the date the Clerk's record shows his sentence to begin.

The Court erred in *sua sponte* resolving factual disputes against the Appellant, when the facts were not disputed and the Court's previous ruling was undisputed.

## PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED**, Chad Evrvin respectfully requests that the Court of Criminal Appeals grant Appellant's Petition for Discretionary Review and for such other and further relief to which he may show himself to be entitled.

Respectfully submitted,

 /s/  Paul Belew
Paul Belew
S.B.N.: 00794926

BELEW & SINGLETON
P.O. Box 1026
Decatur, Texas 76234
(940) 627-6400
(940) 627-6408  (facsimile)

FOR APPELLANT
CHAD ERVIN

## CERTIFICATE OF SERVICE

This is to certify that on this, the 15th day of September, 2015 a true and correct copy of the above and foregoing document has been forwarded by means of electronic filing as follows:

Greg Lowery
Wise County District Attorney's Office
Wise County Courthouse
Second floor
Decatur, Texas  76234


 /s/  Paul Belew
Paul Belew